## G. S. SMITH *v.* THE STATE.

NEW TRIAL. — In a prosecution under the "Act to regulate the practice of medicine" (Gen. Laws 1876, p. 231), the accused may prove his exception under the *provisos,* and it was error to refuse an application for a new trial based upon the exclusion of such evidence.

APPEAL from the County Court of Cameron. Tried below before the Hon. H. KLAHN, County Judge.

*Powers & Maxan,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WINKLER, J. The appellant was prosecuted in the County Court for having violated the provisions of the act of August 21, 1876, entitled "An act to regulate the practice of medicine." Gen. Laws 1876, p. 231.

The specific act of violation charged in the information is

that the accused, in the county of Cameron, and State of Texas, " did then and there engage in the general practice of medicine, including the department of surgery, without, before entering upon such practice, then and there furnishing to the clerk of the District Court of Cameron County, Texas, of which said county said George S. Smith is a resident, his certificate of qualification, as required by the act to regulate the practice of medicine, approved August 21, 1876."

The defendant pleaded not guilty ; and from all we can gather from the statement of facts and exceptions to the evidence taken at the trial, and from the brief of counsel for the appellant, the accused rested his defence upon proving that he came within one of the provisos to the first section of the act, as follows : " *Provided,* that nothing in this act shall be so construed as to apply to those who have been regularly engaged in the general practice of medicine in this State, in any of its branches or departments, for a period of five consecutive years in this State, prior to the first day of January, 1875."

Had the accused made good by evidence the fact that he came clearly within this *proviso,* he would have been guilty of no violation of the act in question, and have been entitled to an acquittal. He was entitled to make this proof under his plea of not guilty. *Blasdell* v. *The State,* and *Logan* v. *The State,* decided at this term, *ante,* pp. 263, 306.

Whether wisely or unwisely, the law permits those to practise who have been regularly engaged in the general practice of medicine in this State, in any of its branches or departments, for a period of five consecutive years in this State, prior to January 1, 1875, without diploma, certificate of a board of medical examiners, or any other evidence of qualification whatever.

By the evidence adduced, and by testimony improperly excluded, the accused would, if the court had permitted him,

have made good his defence that he had practised medicine the length of time required to exempt him from punishment. It was error for the court to construe the law to mean anything else than what the language clearly imports.

The court below erred in overruling the defendant's motion for a new trial, and for this error the judgment must be reversed and the cause remanded.

*Reversed and remanded.*